[File No. 6444.]

JESS WYANT, Respondent, v. M. E. RYAN, Appellant.

(270 N. W. 351.)

Opinion filed December 12, 1936.

*George Shafer,* for appellant.
*Hanley & Hanley,* for respondent.

BURR, J. This case was tried to the court without a jury. Judgment was entered in favor of the plaintiff and the defendant appeals, demanding a trial de novo.

Plaintiff claims that in August, 1934, the defendant leased him land for that year, including the hay growing thereon, for $30.00, which he paid; that thereafter plaintiff cut hay thereon worth and of the value of $1,400.00; that thereafter the defendant breached the contract by leasing the premises to another person; and that, as a result thereof, plaintiff lost the value of his services, the value of the hay, and the right to the use of the land for the balance of the year under the terms of the contract.

Defendant says: that in August 1934 he gave the plaintiff a hay lease of the premises for $30.00, but at that time he did not know his duly authorized agent had previously given a hay lease on the land to one Robinson; that as soon as he learned of the prior lease, he rescinded the agreement made with the plaintiff, returning the money; and that the plaintiff suffered no damages because of his act. The plaintiff refused to accept the return of the money and brought this action for damages.

The facts are quite clear. The defendant lives in Minnesota but has control of the premises involved. His local agent sold to Robinson the right to go on the land and cut and remove the wild hay growing thereon, but delayed reporting this action to the defendant, and in the meantime plaintiff wrote the defendant offering him $15.00 for the right to the hay. Not knowing of the Robinson deal, the defendant said he would "rent the hay crop of this year for $30.00 cash." The plaintiff replied, "I accept your offer of this year's hay

crop on entire section . . . for $30.00" and sent the money. The defendant acknowledged receipt of the money on August 27, stating; "This letter will be your authority for harvesting the hay crop and no further contract is required." There was no lease of land, merely sale of the wild hay and permission to go on the land to cut and remove the hay.

Upon learning about the Robinson deal the defendant wrote the plaintiff to the effect that heretofore he had appointed an agent to handle the renting of his land, and not having heard from him he had rented the land to the plaintiff. He adds, "I have now been informed that my agent had already rented the land to F. W. Robinson . . .; consequently, Mr. Robinson has a prior claim to the hay on this land, so I am now returning to you Cashier's check for $30.00 payable to your order. . . ."

Plaintiff claims the defendant thus breached the contract, though he testified positively that when he notified Ryan of Robinson's action Ryan told him he would stand behind Wyant's contract. If the contract was breached it was breached when made. Plaintiff refused to recognize this breach, refused the cashier's check, and took possession of the hay. Immediately upon securing the right to the hay, he employed one Taylor to cut and stack it. Robinson had cut seventeen tons. Plaintiff brought action in justice court for the recovery of this hay, claiming it as his. Judgment was entered in his favor, giving him half the hay cut by Robinson and the other half to Robinson—presumably on the theory of payment for his services. No appeal was taken from this judgment.

Plaintiff says he took the share of hay given him by the court and cut and stacked the remainder. It is his claim that later the hay disappeared, and so this action was brought. There is some testimony indicating Robinson got some more, but he denies positively taking any hay except what was given him by the court.

There is nothing in the record whatever to indicate the defendant took the hay or authorized anyone to take the hay from plaintiff other than the prior deal made with Robinson by his agent, and the record shows that Robinson's right to the hay as against plaintiff's right was adjudicated against Robinson.

It is clear the plaintiff cannot recover from the defendant without

showing some connection between the defendant and the loss of the hay. Plaintiff went on the premises and reduced the hay to his own possession. He got what he bargained for and what he paid for. From plaintiff's testimony it is clear he later lost the hay—apparently someone stole it—but this is not attributable to any act of the defendant nor to anything for which the defendant is responsible. The judgment is reversed and the action dismissed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.